[904 NYS2d 914]

In the Matter of ADAM LAWRENCE GROSS (Admitted as ADAM GROSS), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, August 3, 2010

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Nancy Gabriel* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By order of the Supreme Court of Ohio dated January 9, 2009, the respondent was immediately suspended from the practice of law in the State of Ohio until such time as that court issued an order reinstating him. The suspension was based on the respondent's noncompliance with the attorney registration and continuing legal education requirements of the State of Ohio. In response to the notice of the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) pursuant to 22 NYCRR 691.3, the respondent submitted a verified statement in which he alleged that he was unaware of the Ohio disciplinary action inasmuch as he believed that he was on inactive status in that state. The respondent claimed that the Ohio procedure deprived him of due process in that it did not afford him notice and an opportunity to be heard, and that the imposition of reciprocal discipline would be unjust inasmuch as he is in compliance with New York's registration and continuing legal education requirements. The respondent requested a hearing and an opportunity to raise those defenses at that time.

By decision and order on application of this Court dated July 2, 2009, the Grievance Committee's application for the imposition of reciprocal discipline based on an interim suspension in Ohio was held in abeyance, and the matter was referred to John F. Mulholland, as Special Referee to hear and report his findings with respect to the procedures adopted and applied by the State of Ohio in connection with the discipline of attorneys who fail to register in that state, and the respondent's defenses to the imposition of reciprocal discipline.

By letter dated October 1, 2009, the respondent advised the Grievance Committee that, in accordance with a discussion at the preliminary conference held on September 2, 2009, before Special Referee Mulholland, he was voluntarily withdrawing his request for a hearing. In that letter, the respondent represented that he would be submitting an additional verified statement to the Court, outlining why disciplinary action against him is not appropriate. By letter dated October 2, 2009, counsel for the Grievance Committee acknowledged receipt of the respondent's facsimile transmission of that letter, and apprised the Special Referee and the Court.

The respondent thereafter made numerous telephone calls to counsel for the Grievance Committee to ascertain the status of this matter. In the months following those calls, the respondent

had no further contact with either counsel for the Grievance Committee or the Court. By letter dated February 19, 2010, counsel for the Grievance Committee urged the respondent to contact the Court, in the event he had not already done so, to avoid having this matter decided without reference to the materials he wished to submit for the Court's consideration. Although that letter was not returned as undeliverable, the respondent failed to reply or to make any submission to the Court.

In view of his failure to present proof that he has remedied his registration and continuing legal education delinquencies in Ohio and his failure to submit any additional materials for this Court's consideration, there is no impediment to the imposition of reciprocal discipline at this juncture. Accordingly, the Grievance Committee's application for the imposition of reciprocal discipline is granted, and the respondent is publicly censured based on his interim suspension in Ohio.

PRUDENTI, P.J., MASTRO, RIVERA, SKELOS and FISHER, JJ., concur.

Ordered that the petitioner's application is granted; and it is further,

Ordered that, pursuant to 22 NYCRR 691.3, the respondent is publicly censured on the basis of the discipline imposed by the State of Ohio.